ELIZABETH A. SPERLING (SBN 021772)
**ALSTON & BIRD LLP**
333 South Hope Street, 16th Floor
Los Angeles, CA 90071-1410
Telephone:  213-576-1000
Facsimile:  213.576.1100
Email: elizabeth.sperling@alston.com

DERIN DICKERSON (*Pro Hac Vice*)
ANDREW J. LIEBLER (*Pro Hac Vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree St., NW
Atlanta, Georgia  30309
Telephone: 404.881.7000
Email:  derin.dickerson@alston.com
        andrew.liebler@alston.com

*Attorneys for Defendants GRAND CANYON EDUCATION, INC., BRIAN MUELLER, DAN BACHUS, and STAN MEYER*

[Additional Counsel on Signature Pages]

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| KATIE OGDON, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GRAND CANYON UNIVERSITY, INC., an Arizona corporation, GRAND CANYON EDUCATION, INC., d/b/a GRAND CANYON UNIVERSITY, a Delaware corporation, BRIAN MUELLER, DAN BACHUS, and STAN MEYER,<br><br>Defendants. | Case No. 2:22-cv-00477-DLR<br><br>Assigned to: Hon. Douglas L. Rayes<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)** |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..........................................................................1

II.     STANDARD OF REVIEW ...........................................................2

III.    ARGUMENT .................................................................................2

      A.   Plaintiff's Fraud-Based Claims Fail To Satisfy Rule 9(b).....................2

            1.   Plaintiff Fails to Specify Which Defendant Allegedly
                 Engaged in What Conduct. ........................................................3

            2.   Plaintiff Fails to Identify the Specific Content of the
                 Alleged Fraud. ..........................................................................4

      B.   Plaintiff Fails To State A RICO Claim Against Any Defendant............6

            1.   Plaintiff has failed to allege a "pattern" of racketeering
                 activity. .........................................................................................7

            2.   Plaintiff has Failed to Allege the Existence of a RICO
                 Enterprise. ...................................................................................8

                    a)   Conduct or Participation....................................................8

                    b)   Causation. ........................................................................9

                    c)   Conspiracy or Investment Scheme. ................................10

      C.   Plaintiff's FAL Claim Fails Because Plaintiff Has Not Pled That
           She Relied On An Advertisement..........................................................11

      D.   Plaintiff's UCL Claim Fails As A Matter Of Law...............................12

            1.   Plaintiff's UCL Unlawful Prong Claim Fails as a Matter
                 of Law. ......................................................................................12

            2.   Plaintiff's UCL Fraud Prong Claim Fails Because it is
                 Not Pled with Particularity. .....................................................14

            3.   Plaintiff's UCL Unfair Prong Claim Fails Because it is
                 Duplicative of the Fraudulent and Unlawful Prong
                 Claims. ......................................................................................14

      E.   Plaintiff's CLRA Claim Also Fails As A Matter Of Law ...................15

F.  Plaintiff's Claim For Unjust Enrichment Fails As A Matter Of
Law ....................................................................................................15

G.  Plaintiff Does Not Have Standing To Represent The Classes In
Her FAC ............................................................................................16

IV.  CONCLUSION .................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Reimbursement Sols. LLC v. Aetna Life Ins. Co.*,
  2022 U.S. Dist. LEXIS 54506 (D. Ariz. Mar. 25, 2022) (Rayes, J.) ............................7

*Alfus v. Pyramid Tech. Corp.*,
  745 F. Supp. 1511 (N.D. Cal. 1990)................................................................7

*Allen v. Hylands, Inc.*,
  773 F. App'x 870 (9th Cir. 2019)..............................................................15

*Ang v. Bimbo Bakeries USA, Inc.*,
  2014 U.S. Dist. LEXIS 34443
  (N.D. Cal. Mar. 13, 2014) ....................................................................17

*Antman v. Uber Techs., Inc.*,
  2018 U.S. Dist. LEXIS 79371 (N.D. Cal. May 10, 2018) ..........................................13

*Arevalo v. Bank of Am. Corp.*,
  850 F. Supp. 2d 1008 (N.D. Cal. Mar. 29, 2011).........................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................2, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .........................................................................2

*Bilodeau v. McAfee, Inc.*,
  2013 U.S. Dist. LEXIS 89226 (N.D. Cal. Jun. 24, 2013) .............................................4

*Boyle v. U.S.*,
  556 U.S. 938 (2009) .........................................................................8

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004)..............................................................16

*Canyon County v. Syngenta Seeds, Inc.*,
  519 F.3d 969 (9th Cir. 2008)...............................................................10

*Casavelli v. Johanson,*

    2020 U.S. Dist. LEXIS 241520 (D. Ariz. Dec. 23, 2020)................................................8

*Cedric Kushner Promotions, Ltd. v. King,*

    533 U.S. 158 (2001) ...................................................................................................9

*Coffen v. Home Depot U.S.A., Inc.,*

    2016 U.S. Dist. LEXIS 122576 (N.D. Cal. Sept. 9, 2016).........................................13

*Cornejo v. JPMorgan Chase Bank,*

    2011 WL 6149246 (C.D. Cal. Dec. 12, 2011)............................................................15

*Cullen v. Netflix, Inc.,*

    880 F. Supp. 2d 1017 (N.D. Cal. July 13, 2012).............................................12, 13, 15

*Daghlian v. DeVry Univ., Inc.,*

    2007 U.S. Dist. LEXIS 97797 (C.D. Cal. Dec. 10, 2007)...........................................12

*Decker v. GlenFed, Inc.,*

    42 F.3d 1541 (9th Cir. 1994) (en banc) ..........................................................................4

*Elias v. Hewlett-Packard Co.,*

    903 F. Supp. 2d 843 (N.D. Cal. Oct. 11, 2012)...........................................................16

*Eller v. EquiTrust Life Ins. Co.,*

    778 F.3d 1089 (9th Cir. 2015) ....................................................................................11

*Eversource Capital LP v. Fimrite,*

    2020 U.S. Dist. LEXIS 247975 (D. Ariz. Aug. 31, 2020) .......................................3, 9

*Gardner v. Safeco Ins. Co. of Am.,*

    2014 WL 2568895 (N.D. Cal. June 6, 2014) ..............................................................15

*H.J. Inc. v. Nw. Bell Tel. Co.,*

    492 U.S. 229 (1989) .....................................................................................................7

*Hadley v. Kellogg Sales Co.,*

    243 F. Supp. 3d 1074 (N.D. Cal. Mar. 21, 2017).................................................13, 16

*Hemi Grp., LLC v. City of N.Y.,*

    559 U.S. 1 (2010) .......................................................................................................10

Case No. CV-22-00477-PHX-DLR

MEMORANDUM OF POINTS AND AUTHORITIES ISO DEFS' AMENDED MOTION TO DISMISS

*Heredia v. Wells Fargo Bank, Nat'l Bank*

2016 WL 4608238 (N.D. Cal. Sept. 6, 2016) ................................................................ 16

*Hilton v. Apple Inc.*,

2014 U.S. Dist. LEXIS 199222 (C.D. Cal. Jan. 8, 2014) ............................................. 6

*In re Ariz. Theranos, Inc., Litig.*,

256 F. Supp. 3d 1009 (D. Ariz. 2017) ......................................................................... 15

*In re Gilead Scis. Sec. Litig.*,

536 F.3d 1049 (9th Cir. 2008) ..................................................................................... 16

*In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection*

*HDTV Television Litig.*,

758 F. Supp. 2d 1077 (S.D. Cal. Nov. 30, 2010) ....................................................... 12

*In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*,

903 F.Supp.2d 880 (C.D. Cal. 2012) ............................................................................. 8

*Ingels v. Westwood One Broad. Servs., Inc.*,

129 Cal. App. 4th 1050 (2005) ................................................................................ 7, 14

*Johnson v. KB Home*,

720 F. Supp. 2d. 1109 (D. Ariz. 2010) ....................................................................... 16

*Judd v. Bangeman*,

357 Fed. App'x. 839 (9th Cir. 2009) .............................................................................. 7

*Ketab Corp. v. Mesriani & Assocs.*,

2015 U.S. Dist. LEXIS 163133 (C.D. Cal. Dec. 4, 2015) .......................................... 14

*Kraft v. Gainey Ranch Cmty. Ass'n*,

2021 U.S. Dist. LEXIS 27704 (D. Ariz. 2021) ............................................................. 8

*Leyvas v. Bank of Am. Corp.*,

601 F. Supp. 2d 1201 (S.D. Cal. 2009) ......................................................................... 5

*Lomingkit v. Apollo Educ. Grp. Inc.*,

2017 U.S. Dist. LEXIS 22374 (D. Ariz. Feb. 16, 2017) ............................................... 5

*Lui Ciro, Inc. v. Ciro, Inc.*,

895 F. Supp. 1365 (D. Haw. 1995) ............................................................................... 7

*Martinelli v. Petland, Inc.*,
2009 U.S. Dist. LEXIS 69313 (D. Ariz. Aug. 7, 2009) ................................................11

*McCulloch v. PNC Bank, Inc.*,
298 F.3d 1217 (11th Cir. 2002) ...................................................................................14

*Medimpact Healthcare Sys. v. IQVIA Inc.*,
2020 U.S. Dist. LEXIS 155996 ...........................................................................10, 11

*Moore v. Kayport Package Express, Inc.*,
885 F.2d 531 (9th Cir. 1989) .........................................................................................3

*Moore v. Mars Petcare US, Inc.*,
966 F.3d 1007 (9th Cir. 2020) ...............................................................................12, 13

*Munderloh v. GmbH*,
2022 U.S. Dist. LEXIS 55599 (D. Ariz. Mar. 28, 2022) ...........................................3, 8

*Nugget Hydroelec-tric L.P. v. Pac. Gas & Elec. Co.*,
981 F.2d 429 (9th Cir. 1992) .......................................................................................11

*Palmer v. Apple Inc.*,
2016 WL 1535087 (N.D. Cal. Apr. 15, 2016) ..............................................................16

*Pantoja v. Countrywide Home Loans, Inc.*,
640 F. Supp. 2d 1177 (N.D. Cal. July 9, 2009) ...........................................................14

*Parks Sch. of Bus. v. Symington*,
51 F.3d 1480 (9th Cir. 1995) .......................................................................................14

*Patenaude v. Equitable Life Assurance Soc'y of the United States*,
290 F.3d 1020 (9th Cir. 2002) .....................................................................................14

*Polk v. Glendale Manor Enterprises, LLC*,
2021 U.S. Dist. LEXIS 114657 (D. Ariz. Apr. 12, 2021) ...............................................7

*Princess Cruise Lines, Ltd. v. Superior Court*,
179 Cal. App. 4th 36 (2009) ........................................................................................16

*Pyke v. Laughing*,
1998 U.S. Dist. LEXIS 884 (N.D.N.Y. Jan. 22, 1998) ................................................11

*Rameses Te Lomingkit v. Apollo Educ. Grp. Inc.*,

    275 F. Supp. 3d 1139 (D. Ariz. 2017) ............................................................5

*Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v.*

    *Hewlett-Packard Co.*,

    845 F.3d 1268 (9th Cir. 2017) ......................................................................5

*Reves v. Ernst & Young*,

    507 U.S. 170 (1993) ......................................................................................9

*Rosado v. eBay, Inc.*,

    53 F. Supp. 3d 1256 (N.D. Cal. 2014) .......................................................13

*Rose v. Bank of Am., N.A.*,

    57 Cal. 4th 390 (2013) ................................................................................14

*Rose v. Wildflower Bread Co.*,

    2011 U.S. Dist. LEXIS 5594 (D. Ariz. Jan. 20, 2011) ..............................13

*Rushing v. Williams-Sonoma, Inc.*,

    2016 U.S. Dist. LEXIS 108657 (N.D. Cal. Aug. 15, 2016) .......................17

*Schellenbach v. GoDaddy.com, LLC*,

    321 F.R.D. 613 (D. Ariz. 2017) ................................................................12

*Sedima, S.P.R.L. v. Imrex Co.*,

    473 U.S. 479 (1985) ......................................................................................8

*Siemer v. Assocs. Financial Services Co.*,

    1998 U.S. Dist. LEXIS 23250 (D. Ariz. Mar. 23, 1998) .............................9

*Sud v. Costco Wholesale Corp.*,

    229 F. Supp. 3d 1075 (2017) .....................................................................12

*Sue Shin v. Campbell Soup Co.*,

    2017 U.S. Dist. LEXIS 136121 (C.D. Cal. Aug. 9, 2017) ...................15, 16

*Swartz v. KPMG LLP*,

    476 F.3d 756 (9th Cir. 2007) ...................................................................3, 4

*Sybersound Records, Inc. v. UAV Corp.*,

    517 F.3d 1137 (9th Cir. 2008) ...................................................................11

*Trustmark Ins. Co. v. Bank One, Ariz.*,
    202 Ariz. 535 (Ct. App. 2002) ........................................................................16

*Turner v. Cook*,
    362 F.3d 1219 (9th Cir. 2004) ........................................................................7

*U.S. Fire Insurance Co. v. United Limousine Serv., Inc.*,
    303 F. Supp. 2d 432 (S.D.N.Y. 2004) .............................................................9

*U.S. v. Shields*,
    844 F.3d 819 (9th Cir. 2016) .....................................................................10, 11

*U.S. v. Turkette*,
    452 U.S. 576 (1981) ...................................................................................6, 7

*Valencia v. Wells Fargo Home Mortg. Inc.*,
    2014 WL 5812578 (N.D. Cal. Nov. 7, 2014) .................................................15

*Vemco, Inc. v. Camardella*,
    23 F.3d 129 (6th Cir. 1994) ..........................................................................11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .........................................................................3

*VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*,
    673 F. Supp. 2d 1073 (E.D. Cal. Nov. 25, 2009) ..........................................12

*Wenger v. Lumisys, Inc.*,
    2 F. Supp. 2d 1231 (N.D. Cal. 1998) ...............................................................4

*Williams v. Gerber Prods. Co.*,
    552 F.3d 934 (9th Cir. 2008) .........................................................................13

*Zhang v. Superior Court*,
    57 Cal. 4th 364 (2013) .................................................................................14

*Zwicky v. Diamond Resorts, Inc.*,
    2021 U.S. Dist. LEXIS 122449 (D. Ariz. Jun. 30, 2021) ........................10, 11

**FEDERAL RULES AND REGULATIONS**

Fed. R. Civ. P. 8 .................................................................................................12

Fed. R. Civ. P. 9(b) ..............................................................................1, 2, 3, 4, 10, 12

Fed. R. Civ. P. 12(b)(6)................................................................................................2

**STATUTES**

18 U.S.C. § 1962 ........................................................................................................1

20 U.S.C. §§ 1070(b), 1071, 1082, 1094 ................................................................14

20 U.S.C. § 1082(a)(2) .............................................................................................14

Cal. Bus. & Pro. Code § 4999.12 ..............................................................................6

Cal. Bus. & Pro. Code § 4999.33 ..............................................................................6

Cal. Bus. & Prof. Code § 17500 ..............................................................................12

Cal. Civ. Code § 1770 ..............................................................................................16

Cal. Civ. Code § 17200 ............................................................................................13

Higher Education Act ...............................................................................................13

**OTHER AUTHORITIES**

34 C.F.R. §§ 668.84-.98 ..........................................................................................14

Statement of Accreditation Status

    https://www.hlcommission.org/component/directory/?Itemid=&Action=ShowBasi

    c&instid=1005 ....................................................................................................6

## I.   __INTRODUCTION__

The sole basis of Plaintiff Katie Ogdon's First Amended Complaint is that a Grand Canyon Education, Inc. ("GCE")[1] counselor told her that a particular Grand Canyon University ("GCU") master's in psychology program was accredited by the American Psychological Association ("APA") and the California licensing authorities. Because the program was not so accredited, Plaintiff contends, she was unable to become a licensed therapist in California. Based on this fact pattern, Plaintiff alleges that GCE, GCU, and GCE's officers are engaged in a vast criminal racketeering enterprise and violated various California consumer protection statutes. Plaintiff asserts these outlandish claims despite the fact that the core premise of the FAC is false—accreditation by the APA or the California licensing authorities is not a prerequisite to counselor licensure in California. In fact, the APA does not accredit master's level programs at all, and California does not accredit *any* programs for purposes of licensure.

Moreover, Plaintiff asserts claims against Brian Mueller, Dan Bachus, and Stan Meyer despite having no interactions with any of them or any firsthand knowledge of their activities. Despite the hyperbole and innuendo in Plaintiff's FAC, this is a straightforward fraud case that is both factually bare and legally flawed.

Plaintiff's FAC should be dismissed for six reasons. *First*, Plaintiff's claims fail to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Ogdon buries sparse, vague allegations within pages of extraneous accusations that are irrelevant to her fraud-based claims. *Second*, Plaintiff's RICO claim fails because she has not adequately plead the existence of a RICO enterprise or a pattern of racketeering activity. *Third*, Plaintiff's FAL claim fails because she does not identify a false advertisement. *Fourth*, Plaintiff's UCL claim fails for lack of any unlawful, unfair, or fraudulent act. *Fifth*, Plaintiff's CLRA claim fails for lack of actual and reasonable reliance on a misrepresentation. *Sixth*, Plaintiff's unjust

---

[1] Prior to July 1, 2018, GCE d/b/a Grand Canyon University operated as a regionally accredited university. GCE sold its educational assets, along with its name, to a standalone, nonprofit organization that simultaneously changed the name simply to GCU. Since July 1, 2018, GCU has operated as a standalone, nonprofit, comprehensive, regionally accredited university, separate and distinct from GCE. *Id.*

enrichment claim fails because her relationship with Defendants is governed by an express contract. Plaintiff's claims are legally deficient, and the Court should dismiss the FAC.

## II.   STANDARD OF REVIEW

Rule 12(b)(6) requires Plaintiff to plead facts which "raise [her] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Claims have "facial plausibility" only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where, as here, a plaintiff alleges claims based on fraud, those claims must be pleaded with a higher level of particularity. Fed. R. Civ. P. 9(b).

## III.   ARGUMENT

Plaintiff's FAC is littered with conclusory and largely immaterial, impertinent, and scandalous allegations having nothing to do with specific GCU or GCE policies (Plaintiff has not identified any), advertisements (Plaintiff has not identified any of these, either), or anything that might generously pass as a racketeering enterprise.[2] The Court should disregard (and strike) these inappropriate allegations and see this case for what it is: a garden-variety fraud case (which fails to even allege a fraud).

### A.   Plaintiff's Fraud-Based Claims Fail To Satisfy Rule 9(b)

Plaintiff's threadbare allegations in support of her fraud-based Counts I through IV[3] fail to meet Rule 9(b)'s heightened pleading standard. "[I]n alleging fraud or mistake," Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-*

---

[2] As explained in Defendants' Amended Motion to Strike filed concurrently herewith, Plaintiff devotes more than 100 paragraphs discussing topics having little or nothing to do with the alleged "fraud" and that may be properly stricken as "redundant, immaterial, impertinent, or scandalous matter." *See generally,* Amended Motion to Strike.

[3] Plaintiff's RICO claim is subject to Rule 9(b) because it is based on a purported predicate offense of fraud. *See Eversource Capital LP v. Fimrite,* 2020 U.S. Dist. LEXIS 247975, at *19 (D. Ariz. Aug. 31, 2020).

1  *Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).

2  Plaintiff's FAC falls well short of meeting the demands of Rule 9(b) because it: (i) fails

3  to specify which Defendant allegedly engaged in specific instances of fraud, and (ii) fails to

4  identify the specific content of any alleged fraudulent statement.

5  **1.   Plaintiff Fails to Specify Which Defendant Allegedly Engaged in What**

6  **Conduct.**

7  Rule 9(b) forbids "group pleading" and requires "at a minimum" that a plaintiff

8  "identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.'"). *See Moore v.*

9  *Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Rule 9(b) "require[s]

10  plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform

11  each defendant separately of the allegations surrounding his alleged participation in the fraud."

12  *Munderloh v. GmbH*, 2022 U.S. Dist. LEXIS 55599, at *26 (D. Ariz. Mar. 28, 2022) (citing

13  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (Rule 9(b) "'require[s] plaintiffs to

14  differentiate their allegations when suing more than one defendant…and inform each

15  defendant separately of the allegations surrounding his alleged participation in the fraud.").

16  Plaintiff's habitual reference to "Defendants" and use of group pleading throughout the

17  FAC is fundamentally incompatible with Rule 9(b). Plaintiff expressly acknowledges her use

18  of group pleading, noting that "[w]henever reference is made in this Class Action Complaint

19  to any act of any Defendant or Defendants, the allegation shall mean that the Defendant or

20  Defendants did the acts alleged either personally or through the Defendant's or Defendants'

21  officers, directors, employees, agents and/or representatives acting within the actual or

22  ostensible scope of their authority." *See, e.g.*, FAC ¶ 16. This is improper.

23  Plaintiff's allegations speak only of the undifferentiated actions, knowledge, and intent

24  of "Defendants." For example, Plaintiff alleges a "pattern of false representations" as the

25  predicate acts to support her RICO claim. *See id.* ¶ 223. But Plaintiff does not identify the role

26  each Defendant played in the alleged fraudulent scheme. *Id.* Plaintiff refers vaguely to

27  "representations and omissions made by Counselors and Advisors on behalf of Defendants to

28  prospective students." *Id.* But she does not specify which counselors and advisors made the

statements and on which Defendant's behalf the statements were made. This is precisely the type of group pleading Rule 9(b) forbids. *See Swartz*, 476 F.3d at 765 (holding that complaint that was "shot through with general allegations that the 'defendants' engaged in fraudulent conduct" without "attribute[ing] specific misconduct" to each defendant was "insufficient as a matter of law.").

### 2.  Plaintiff Fails to Identify the Specific Content of the Alleged Fraud.

As the Ninth Circuit has explained, Rule 9(b) requires a plaintiff alleging fraud to identify the "*specific content* of the false representations." *Swartz*, 476 F.3d at 764. Plaintiff must "set forth what is false or misleading about a statement, and why it is false." *Id.* (quoting *Decker v. GlenFed, Inc.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)). While Plaintiff alleges that she spoke to a GCU counselor and several advisors, Plaintiff's allegations of fraud fall short of this requirement as she does not allege the "specific content" of any false representation or how and why the representations were false. *See FAC ¶¶ 166-203*. Despite spanning 79 pages and 282 paragraphs, the FAC includes only a single paragraph that attempts to describe the pre-enrollment communications with her. *See FAC ¶ 177*. But that Paragraph merely *paraphrases* a conversation with a counselor, and even what she paraphrased does not include any fraudulent statement. Plaintiff's allegations of fraud "fail[] to provide the specificity that would be required to put Defendants on notice, or to permit the Court to evaluate the validity of Plaintiff's fraud claim." *See Bilodeau v. McAfee, Inc.*, 2013 U.S. Dist. LEXIS 89226, at *21 (N.D. Cal. Jun. 24, 2013); *Wenger v. Lumisys, Inc.*, 2 F. Supp. 2d 1231, 1247 (N.D. Cal. 1998) (explaining that "paraphrased" allegedly false statements "lack the specificity required by Rule 9(b)," and finding the "impressionistic approach to pleading fraud deficient.").

Plaintiff's allegations that Mr. Granitz "assured" her that: (i) [GCU] had an excellent program that would meet her needs," (ii) "the program was covered under the HLC's accreditation, and that that accreditation was like an umbrella that covered everything," and (iii) "the program was accredited both by the [APA] and California licensing authorities" (*id.*, ¶¶ 174-80). These allegations are either true or too vague to constitute fraud, and the alleged

conversation with Mr. Granitz does not include a material misrepresentation.[4]

Mr. Granitz's alleged representation that GCU has an "excellent program that would meet her needs" is non-actionable puffery. *Lomingkit v. Apollo Educ. Grp. Inc.*, 2017 U.S. Dist. LEXIS 22374, at *41-42 (D. Ariz. Feb. 16, 2017) ("Statements are not actionable if they are 'generalized, vague and unspecific assertions, constituting mere 'puffery' upon which a reasonable consumer could not rely.'") (citation omitted); *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) ("[t]o be misleading, a statement must be capable of objective verification. For example, 'puffing'—expressing an opinion rather than a knowingly false statement of fact—is not misleading."); *Rameses Te Lomingkit v. Apollo Educ. Grp. Inc.*, 275 F. Supp. 3d 1139, 1157 (D. Ariz. 2017) ( "vague and subjective" phrases like "significant events, advantages, high priority," are considered "puffery" in the Ninth Circuit) (internal quotation marks omitted); *Leyvas v. Bank of Am. Corp.*, 601 F. Supp. 2d 1201, 1217-18 (S.D. Cal. 2009) (finding that statements that the product was "ideal" or "the best for a particular individual" did not "constitute actionable misrepresentations.").

Mr. Granitz's alleged representations about accreditation are true.  California requires only that a student obtain a degree in counseling "from an accredited *institution*, as defined in Cal. Bus. & Pro. Code § 4999.12."  Cal. Bus. & Pro. Code § 4999.33.  Section 4999.12 defines "accredited" as a "school, college, or university accredited by a regional or national *institutional* accrediting agency." Cal. Bus. & Pro. Code § 4999.33. As Plaintiff concedes, GCU is accredited by "regional creditor, the Higher Learning Commission ("HLC"). *See* FAC ¶ 56. GCU has been continuously accredited by HLC since 1968. *See* Statement of Accreditation Status, https://www.hlcommission.org/component/directory/?Itemid=&Action=ShowBasic&instid=

---

[4] Plaintiff alleges that she spoke with Ms. Landa (October 2017) and Ms. Bibb (May 2019) *after* she enrolled at GCU in September 2017. Those conversations could not have induced her to enroll. FAC ¶¶ 188-190, 193-196. Even so, these allegations include no specificity as to where the conversations took place or  what was said, *e.g.*, Ms. Landa "assured [her] that the program that she enrolled in would qualify her for licensure in the State of California" (*id.* ¶ 188), but there is no context for what "licensure" is being referred to, how it relates to GCU's accreditation (*id.*) and the Program's accreditation (*id.* ¶ 56, 177). *Compare with* FAC ¶ 173.

1005 (as of May 27, 2022). HLC is the accrediting agency that accredits other schools, such as Arizona State University, University of Arizona, The Air Force Academy, Northwestern University, and the University of Chicago. California does not require (or even mention) programmatic accreditation as a prerequisite for a counselor license. Accordingly, Mr. Granitz's alleged representation that HLC accreditation was sufficient for purposes of licensure in California was accurate and cannot form the basis of fraud.

Similarly, the alleged representation regarding accreditation by the APA or the California licensing authority is nonsensical as the APA does not accredit masters' programs and California does not "accredit" *any* programs. *cf.* FAC ¶¶ 178, 180. Thus, because California does not "accredit" programs, accreditation is not possible and could not be required for practicing mental health therapy, as Plaintiff claims was her purpose for enrolling in the Program. Accordingly, any representation regarding mythical APA or California accreditation could not be material.

### B.  Plaintiff Fails To State A RICO Claim Against Any Defendant

Plaintiff's attempt to turn run-of-the-mill fraud allegations into a broad-ranging RICO case is improper. Congress enacted RICO "to seek the eradication of organized crime in the United States," *U.S. v. Turkette*, 452 U.S. 576, 589 (1981), not to criminalize run-of-the-mill contract disputes and "garden-variety" fraud claims. *See Hilton v. Apple Inc*., 2014 U.S. Dist. LEXIS 199222, at *17-18 (C.D. Cal. Jan. 8, 2014). The only relevant allegations in the FAC clearly indicate that this is nothing more than a common fraud case—not a complex criminal racketeering case. The Court should reject Plaintiff's improper use of RICO out of hand.

To recover under civil RICO, Plaintiff must plead with particularity and prove the (1) conduct of a (2) criminal enterprise through a (3) pattern of (4) racketeering activity. *Turkette*, 452 U.S. at 580-81; *Judd v. Bangeman*, 357 F. App'x. 839, 840 (9th Cir. 2009) (affirming dismissal of RICO claim "because plaintiffs failed to allege with sufficient particularity a pattern of racketeering activity cognizable under the RICO statute"). Despite Plaintiff's use of RICO buzzwords throughout the FAC, Plaintiff's allegations fall well short of the requisite elements of a RICO claim against any Defendant. Accordingly, her RICO claim should be dismissed. *See Polk v. Glendale Manor Enters., LLC*, 2021 U.S. Dist. LEXIS 114657, at *10-11 (D. Ariz. Apr. 12, 2021) (dismissing RICO claims where "[p]laintiff merely recites

generalized interpretations of RICO's provisions and does not proffer any specific factual allegations to support this claim").

Plaintiff's RICO conspiracy claim under Section 1962(d) similarly fails. Such a claim requires a plaintiff to allege with particularity (1) an agreement to participate in an unlawful act; and (2) an injury caused by an unlawful overt act performed in furtherance of the agreement. *See Alfus v. Pyramid Tech. Corp.*, 745 F. Supp. 1511, 1520-21 (N.D. Cal. 1990). "Conclusory allegations that RICO defendants entered into an agreement are insufficient" to state a claim. *Lui Ciro, Inc. v. Ciro, Inc.*, 895 F. Supp. 1365, 1383-84 (D. Haw. 1995). But that is all Plaintiff alleges. *See* FAC ¶¶ 220, 256.

### 1.  Plaintiff has failed to allege a "pattern" of racketeering activity.

To properly plead a RICO claim, a plaintiff must show a pattern of racketeering activity, consisting of at least two predicate acts. *See* 18 U.S.C. § 1962(c). Plaintiff purports to rely on mail and wire fraud as the predicate acts, but at best, the FAC alleges only ***one*** instance of alleged wire or mail fraud. *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242-43 (1989); *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) (while at least two acts of racketeering activity are required under RICO to establish a pattern, the pleading of two such acts is not necessarily sufficient to do so because a pattern also requires proof that the racketeering predicates are related and 'that they amount to or pose a threat of continued criminal activity.'") (quoting *H.J., Inc.*, 492 U.S. at 239). Courts routinely dismiss RICO claims when the plaintiff fails to allege at least two predicate acts. *See, e.g. Advanced Reimbursement Sols. LLC v. Aetna Life Ins. Co.*, 2022 U.S. Dist. LEXIS 54506, at *25-26 (D. Ariz. Mar. 25, 2022) (Rayes, J.) (complaint failed to adequately plead a pattern of racketeering activity when the complaint alleged "only one example of mail or wire fraud" and needed to have alleged "at least two specific instances of mail or wire fraud per enterprise"). Nor has the plaintiff alleged the commission of two predicate acts by *each* Defendant, as required where "RICO is asserted against multiple defendants." *In re WellPoint, Inc. Out-of-Network "UCR" Rates Litig.*, 903 F.Supp.2d 880, 914 (C.D. Cal. 2012). Moreover, Plaintiff has not alleged that the two predicate acts are "related" and "continuous." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 528 (1985) ("It is this factor of continuity *plus* relationship which combines to produce a pattern.") (emphasis

in original); *Casavelli v. Johanson,* 2020 U.S. Dist. LEXIS 241520, at *31 (D. Ariz. Dec. 23, 2020) (dismissing civil RICO claims for failure to allege continuity with particularity and disregarding conclusory assertions that allege fraud by defendants would continue into the future).

### 2. *Plaintiff has Failed to Allege the Existence of a RICO Enterprise.*

The cornerstone of any RICO claim is a RICO enterprise. "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. U.S.*, 556 U.S. 938, 946 (2009). Plaintiff fails to plausibly allege a RICO enterprise, instead glossing over the functions and relationships of those allegedly involved in the purported "enterprise" using group pleading and conclusory statements that mischaracterize basic corporate roles. *Munderloh,* 2022 U.S. Dist. LEXIS 55599, at *26. Indeed, Plaintiff repeatedly concludes that each individual Defendant "controls and participates in the activities of the enterprise…using his [respective role] of GCE…." *See* FAC, at 67-68 ¶¶ 231, 232, 233. But her vague and conclusory allegations do not move the needle on Plaintiff's RICO theory sufficient to state a claim. *See Kraft v. Gainey Ranch Cmty. Ass'n,* 2021 U.S. Dist. LEXIS 27704, at *7 (D. Ariz. 2021) ("Plaintiff's vague, conclusory statements are insufficient to state a claim and shall be dismissed as a matter of law.") (citing *Iqbal,* 556 U.S. at 678). Nor do these allegations establish an "enterprise" separate and distinct from the "persons" employed by it. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001).

### a) Conduct or Participation.

Nor has Plaintiff alleged how *each* Defendant "conducted or participated in the conduct of the '*enterprise's* affairs,' not just their own affairs." *Reves v. Ernst & Young,* 507 U.S. 170, 185 (1993) (emphasis in original). Liability attaches under this "extremely rigorous" test, *U.S. Fire Insurance Co. v. United Limousine Serv., Inc*., 303 F. Supp. 2d 432, 451 (S.D.N.Y. 2004), only where it is shown that each defendant had some part in "*directing* the enterprise's affairs." *Reves*, 507 U.S. at 180 (emphasis added). But Plaintiff fails to allege that each Defendant *directed* the affairs of a racketeering enterprise, or were even more than "mere extension[s]" of

GCE. *Eversource Capital*, 2020 U.S. Dist. LEXIS 247975, at *49-50.

To demonstrate participation in an enterprise through a pattern of racketeering activity, "the Court must determine whether the facts alleged show that the enterprise did more than conduct the normal affairs of the Defendant corporations or that the Defendants did more than exercise control or authority that is inherent in their positions in the corporate hierarchy." *Siemer v. Assocs. Fin. Serv. Co.*, 1998 U.S. Dist. LEXIS 23250, at *48 (D. Ariz. Mar. 23, 1998). But Plaintiff fails to allege with any particularity that each Defendant—particularly each individual Defendant—participated in and controlled the *enterprise*. Indeed, the FAC broadly alleges that the individual Defendants participated in the activity of the "enterprise" merely by conducting routine business as officers of GCE in the ordinary course of business. For example, the FAC alleges that Defendant Meyer "controls[] and participates in the activities of the enterprise" through his "role as Chief Operating Officer of GCE" by "overseeing the day to day management" of the alleged activity. *See* FAC, at 68 ¶ 233.

Plaintiff's allegations are also conclusory. Beyond the boilerplate allegation that they "approved of" various actions (*see*, *e.g.*, FAC ¶ 181), the most substantive allegation Plaintiff could muster against Defendant Bachus—the Chief Financial Officer of GCE—is that he "paid" Counselor Granitz. This is insufficient. *See* FAC ¶ 174. *Zwicky v. Diamond Resorts, Inc.*, 2021 U.S. Dist. LEXIS 122449, at *23 (D. Ariz. Jun. 30, 2021) (finding complaint's attempted allegations that two defendants who "routinely reviewed" budgets and were "aware" of the alleged cost concealment were not enough to demonstrate the role the two defendants played in the alleged wrongdoing). Plaintiff's claims are a transparently half-hearted and baseless attempt to drag GCE executives into a lawsuit.

### b) Causation.

Plaintiff's RICO claim also fails to allege proximate causation and, to the extent that Plaintiff's claims are based on omissions, that Defendants had a duty to disclose. *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008); *Hemi Grp., LLC v. City of N.Y.*, 559 U.S. 1, 9-10 (2010) ("A link that is too remote, purely contingent, or indirect[t], is insufficient."); *Medimpact Healthcare Sys. v. IQVIA Inc.*, 2020 U.S. Dist. LEXIS 155996, at *71 (S.D. Cal. August 27, 2020 (citing *U.S. v. Shields*, 844 F.3d 819, 822 (9th Cir. 2016)) (RICO claims based

on omissions are required to allege "the existence of an independent duty to disclose.") (internal quotations omitted).

Plaintiff's allegations center on purported misrepresentations and omissions made by Mr. Granitz in connection with Plaintiff's enrollment. FAC at ¶¶ 174-89. Even taking those allegations as true, Plaintiff has failed to establish that Defendants proximately caused her alleged injuries. Plaintiff admits that she could have determined whether California required additional units for licensure above and beyond her chosen Program, which she *did* later determine through simple research in the Spring of 2019 (*id.* ¶ 193). Moreover, Plaintiff admits that Defendants disclosed the regional accreditation information (*see id.* ¶ 99), though Plaintiff apparently did not bother to review it before enrolling, even though she admits to researching GCU's masters' programs. *See id.* ¶ 168.

To the extent that Plaintiff alleges her injuries (if any) were the result of omissions on the part of Defendants (*see id.* ¶¶ 115-18, 125, 145, 151-54), Plaintiff has not only failed to plead fraudulent omissions with the requisite specificity under Rule 9(b) but has failed to allege "the existence of an independent duty to disclose," as required for a RICO claim based on omission. *Medimpact Healthcare Sys.*, 2020 U.S. Dist. LEXIS 155996 at *71 (citing *Shields*, 844 F.3d at 822). When racketeering activities of mail and wire fraud are "'premised on either a non-disclosure or an affirmative misrepresentation,'" the plaintiff must demonstrate an "independent fiduciary or statutory duty underlying the fraud." *Zwicky*, 2021 U.S. Dist. LEXIS 122449, at *18-19 (quoting *Eller v. EquiTrust Life Ins. Co.,* 778 F.3d 1089, 1092 (9th Cir. 2015)). Plaintiff's allegations of fraud by omission cannot stand because Plaintiff has not asserted an independent duty to disclose. *See Martinelli v. Petland, Inc.,* 2009 U.S. Dist. LEXIS 69313, at *6 (D. Ariz. Aug. 7, 2009) (dismissing RICO claims based on misrepresentation by omission where plaintiffs failed to assert an "independent duty to disclose" the information). As such, Plaintiff's RICO claim fails for the independent and additional reasons that she has failed to properly allege proximate causation and that Defendants were under a duty to disclose.

### c)   Conspiracy or Investment Scheme.

Plaintiff has not alleged a RICO "reinvestment" scheme or conspiracy. Her

1   "reinvestment" claim under 18 U.S.C. § 1962(a) fails for all the reasons set out above and

2   because she has alleged no "specific injury . . . caused by the investment of income into the

3   racketeering enterprise, *distinct from* any injuries caused by the predicate acts of racketeering."

4   *Vemco, Inc. v. Camardella*, 23 F.3d 129, 132 (6th Cir. 1994) (emphasis in original); *see also*

5   *Pyke v. Laughing*, 1998 U.S. Dist. LEXIS 884, at *13-15 (N.D.N.Y. Jan. 22, 1998); *Nugget*

6   *Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 436-38 (9th Cir. 1992).

7   "Reinvestment of proceeds from alleged racketeering activity back into the enterprise to

8   continue its racketeering activity is insufficient to show proximate causation [of injury]."

9   *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1149-50 (9th Cir. 2008) (finding

10  plaintiff failed to meet its § 1962(a) investment injury requirement where plaintiff merely

11  alleged that it "is the direct victim of the use of proceeds generated by the predicate acts,"

12  which is not an allegation of "injury separate and distinct from the injuries incurred from the

13  predicate act itself"). Plaintiff has alleged no financial injuries traced to any purported

14  reinvestment. *See* FAC ¶ 226.

15          **C.      Plaintiff's FAL Claim Fails Because Plaintiff Has Not Pled That She Relied**

16                    **On An Advertisement.**

17          Plaintiff fails to allege the basic elements of a FAL claim. *See* Cal. Bus. & Prof. Code §

18  17500. Section 17500 makes it unlawful for a business to disseminate any statement that "is

19  untrue or misleading, and which is known, or which by the exercise of reasonable care should

20  be known, to be untrue or misleading." *Schellenbach v. GoDaddy.com, LLC*, 321 F.R.D. 613,

21  619 (D. Ariz. 2017) (internal citations omitted); *Arevalo v. Bank of Am. Corp.*, 850 F. Supp.

22  2d 1008, 1023-24 (N.D. Cal. Mar. 29, 2011) (internal citation omitted). Accordingly, Plaintiff

23  "must demonstrate *actual reliance* on the allegedly deceptive or misleading statements."[5]

24  *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1020 (9th Cir. 2020) (emphasis in original).

25  Significantly, a FAL claim requires "some type of advertising statement." *VP Racing Fuels,*

26  *Inc. v. Gen. Petroleum Corp.,* 673 F. Supp. 2d 1073, 1088 (E.D. Cal. Nov. 25, 2009). The

27

28

---

[5] The FAL does not apply to omissions. *Sud v. Costco Wholesale Corp.*, 229 F. Supp. 3d
1075, 1082 (N.D. Cal. 2017), *aff'd,* 731 F. App'x 719 (9th Cir. 2018).

failure to identify "specific advertisements, when and where they were shown, or why they were untrue or misleading . . . does not provide [defendant] with adequate notice of its alleged violations of the FAL [under either Rule 9(b) or Rule 8]." *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1093-94 (S.D. Cal. Nov. 30, 2010).

The FAC fails to identify a single advertisement, let alone a false one. Instead, Plaintiff relies exclusively on alleged *private* conversations with a GCU counselor and advisors. *See* FAC ¶¶ 174, 180, 183, 188-89. Of course, none of these *private* conversations deceived members of the public. *See Cullen v. Netflix, Inc.*, 880 F. Supp. 2d 1017 (N.D. Cal. Jul. 13, 2012), *aff'd*, 600 F. App'x 508 (9th Cir. 2015); *Daghlian v. DeVry Univ., Inc.*, 2007 U.S. Dist. LEXIS 97797, at *37-38 (C.D. Cal. Dec. 10, 2007); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ("[Plaintiff] must show that members of the *public* are likely to be deceived.") (emphasis added) (internal quotation marks omitted).

Having failed to identify a single advertisement or public (or private) statement with particularity, Plaintiff cannot demonstrate reliance. *See Rosado v. eBay, Inc.*, 53 F. Supp. 3d 1256, 1266 (N.D. Cal. 2014) (FAL claim requires the plaintiff suffer "an injury due to his or her own actual and reasonable reliance on the purported misleading statements."); *Moore*, 966 F.3d at 1020 ("a plaintiff must show that the misrepresentation was an *immediate caus*e of the injury-producing conduct."); *Cullen*, 880 F. Supp. 2d at 1027 (finding plaintiff failed to state a claim for deceptive statements by failing to show that defendant's statement was false or misleading and where the Complaint actually pled "facts indicating that these statements were true").

## D.    Plaintiff's UCL Claim Fails As A Matter Of Law

The UCL prohibits unfair competition, broadly defined as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Civ. Code § 17200. Plaintiff's UCL claim fails because she has not adequately pled a claim under either the unlawful, unfair, or fraudulent prongs of the UCL.

### 1.    *Plaintiff's UCL Unlawful Prong Claim Fails as a Matter of Law.*

The UCL's "'unlawful practice' prong . . . 'borrows violations of other laws' and makes

them independently actionable." *Coffen v. Home Depot U.S.A., Inc.*, 2016 U.S. Dist. LEXIS 122576, *17 (N.D. Cal. Sept. 9, 2016); *Rose v. Wildflower Bread Co.*, 2011 U.S. Dist. LEXIS 5594, at *8 (D. Ariz. Jan. 20, 2011) Without a "predicate unlawful violation, there is no UCL 'unlawful' claim." *Antman v. Uber Techs., Inc.*, 2018 U.S. Dist. LEXIS 79371, at *29 (N.D. Cal. May 10, 2018); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. Mar. 21, 2017). Plaintiff bases her UCL claim on alleged violations of: (a) Title IV Regulations; (b) the FAL; (c) the CLRA; and (d) "Federal and state laws and regulations, including those that preclude misrepresentations to students and potential students and those governing accreditation standards." Plaintiff, however, has not plausibly alleged violations of these laws.

**Higher Education Act**. Plaintiff's UCL claim premised on alleged violations of the HEA and Title IV Regulations fails because it is enforced exclusively through an administrative remedy. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citing 20 U.S.C. § 1082(a)(2)); *McCulloch v. PNC Bank Inc.*, 298 F.3d 1217, 1221 (11th Cir. 2002) (per curiam) (citing 20 U.S.C. §§ 1070(b), 1071, 1082, 1094; 34 C.F.R. §§ 668.84-.98). "A plaintiff may not employ the UCL to 'plead around' a legislative determination foreclosing private enforcement of another statute." *Rose v. Bank of Am., N.A.*, 57 Cal. 4th 390, 397 (2013); *Zhang v. Superior Court*, 57 Cal. 4th 364, 384 (2013); *see Patenaude v. Equitable Life Assurance Soc'y of the U.S.*, 290 F.3d 1020, 1028 (9th Cir. 2002)

**FAL and CLRA**. Plaintiff fails to state a UCL claim based on alleged violations of the FAL and CLRA because, as explained in Sections C and E, those claims fail as a matter of law. Plaintiff cannot identify a single false advertisement, allege fraud with particularity, or prove actual and reasonable reliance on a misrepresentation. "If the [underlying] claim is dismissed, then there is no 'unlawful' act upon which to base the derivative [UCL] claim." *Ingels v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005); *see also Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1190-91 (N.D. Cal. July 9, 2009) (dismissing UCL claim because court dismissed "all . . . predicate violations").

**Federal and State Laws and Regulations**. Plaintiff purports to base her UCL claim on violations of "[f]ederal and state laws and regulations, including those that preclude misrepresentations to students and potential students and those governing accreditation

standards." But Plaintiff fails to allege a specific law that Defendants violated and, accordingly, her claim fails. *See Ketab Corp. v. Mesriani & Assocs.*, 2015 U.S. Dist. LEXIS 163133, at *11-12 (C.D. Cal. Dec. 4, 2015) (finding counterclaimants' UCL claim could not be based on an unlawful act where counterclaimants fail to identify a specific law violated by plaintiff's alleged activity), *aff'd*, 734 F. App'x 401 (9th Cir. 2018).

### 2. *Plaintiff's UCL Fraud Prong Claim Fails Because it is Not Pled with Particularity.*

Plaintiff's UCL claim premised on the fraud prong fails because it is not alleged with particularity, as discussed in Section IV.C.1. Specifically, Plaintiff fails to allege the particulars of when, where, and how she was misled, how any representations made to her were false, and her actual and reasonable reliance on the alleged misstatements.

### 3. *Plaintiff's UCL Unfair Prong Claim Fails Because it is Duplicative of the Fraudulent and Unlawful Prong Claims.*

Plaintiff's UCL "unfair prong" claim fails because her unlawful and fraudulent prong claims fail. "[W]here the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Sue Shin v. Campbell Soup Co.*, 2017 U.S. Dist. LEXIS 136121, at *18 (C.D. Cal. Aug. 9, 2017); *see also Cullen*, 880 F.Supp.2d at 1028.

Further, Plaintiff cannot state a claim for violation of the UCL's "unfair" prong as its own separate cause of action. California courts apply the "balancing test" and "tethering test" to assess the viability of unfair prong claims. Plaintiff fails the "balancing test" because she alleges no facts suggesting that Defendants' actions were "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Valencia v. Wells Fargo Home Mortg. Inc.*, 2014 WL 5812578, at *6 (N.D. Cal. Nov. 7, 2014); *Allen v. Hylands, Inc.*, 773 F. App'x 870, 874 (9th Cir. 2019), *aff'd*, 2022 U.S. App. LEXIS 12874 (9th Cir. May 12, 2022); *see* FAC ¶ 264. Plaintiff likewise fails the "tethering test" because she does not allege how her claim is "tethered to specific constitutional, statutory, or regulatory provisions." *Compare Gardner v. Safeco Ins. Co. of Am.*, 2014 WL 2568895, at *5 (N.D. Cal. June 6, 2014), *with*

FAC ¶ 264. A "merely [] 'formulaic recitation of the elements . . .'" is insufficient to state a claim under the UCL unfair prong. *Cornejo v. JPMorgan Chase Bank*, 2011 WL 6149246, at \*5 (C.D. Cal. Dec. 12, 2011); *In re Ariz. Theranos, Inc., Litig.*, 256 F. Supp. 3d 1009, 1022 (D. Ariz. 2017) ("[T]he complaint must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (alterations in original). Here, Plaintiff merely recites a litany of irrelevant facts appended to a conclusory contention that Defendants' actions are somehow unfair. Courts routinely dismiss claims premised on such "conclusory statements." *See, e.g., Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 858 (N.D. Cal. Oct. 11, 2012); *Palmer v. Apple Inc.*, 2016 WL 1535087, at \*7 (N.D. Cal. Apr. 15, 2016) (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("The court need not . . . accept as true allegations that are merely conclusory").

**E.** **Plaintiff's CLRA Claim Also Fails As A Matter Of Law**

The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Federal courts analyze the UCL fraud prong, FAL, and CLRA claims "together because they share similar attributes." *Campbell*, 2017 WL 3534991 at \*3; *Hadley*, 243 F. Supp. 3d at 1089. The CLRA requires proof of reliance on a misrepresentation. *Princess Cruise Lines, Ltd. v. Superior Court*, 179 Cal. App. 4th 36, 46 (2009). Plaintiff "must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004)*.* Thus, naked assertions that Plaintiff acted "in reliance upon" alleged misrepresentations are insufficient. *Heredia v. Wells Fargo Bank, Nat'l Bank*, 2016 WL 4608238, at \*3 (N.D. Cal. Sept. 6, 2016). As with her other claims, Plaintiff's CLRA claim similarly fails because she alleges neither fraud with particularity, nor actual and reasonable reliance on Defendants' purported misrepresentations.

**F.** **Plaintiff's Claim For Unjust Enrichment Fails As A Matter Of Law**

The Court should dismiss Plaintiff's unjust enrichment claim because the Enrollment Agreement controls the parties' relationship, precluding an unjust enrichment claim. *See* FAC ¶¶ 186-87. Under Arizona law, a plaintiff may plead unjust enrichment in the alternative "where the validity of a relevant contract is in doubt, [but plaintiff] may not bring such a claim where a

1  specific contract governs the parties' relationship." *Johnson v. KB Home*, 720 F. Supp. 2d. 1109,

2  1122 (D. Ariz. 2010) (citing *Trustmark Ins. Co. v. Bank One, Ariz.*, 202 Ariz. 535, 542-43 (Ct.

3  App. 2002). Here, the parties' relationship is governed by an Enrollment Agreement, which

4  forecloses an unjust enrichment claim.

5       **G.**    **Plaintiff Does Not Have Standing to Represent The Classes In Her FAC**

6       Plaintiff does not have standing to allege claims relating to GCU Programs she did not

7  enroll in because her alleged fraud claims are program and licensure specific and require a

8  "context-specific analysis." *See Rushing v. Williams-Sonoma, Inc.*, 2016 U.S. Dist. LEXIS

9  108657, at **7-12 (N.D. Cal. Aug. 15, 2016), citing *Ang v. Bimbo Bakeries USA, Inc*., 2014

10  U.S. Dist. LEXIS 34443, at *27-28 (N.D. Cal. Mar. 13, 2014); FAC ¶ 204.

11  **IV.**    <u>**CONCLUSION**</u>

12       For the foregoing reasons, Plaintiff's FAC should be dismissed with prejudice.

13

14  Dated: May 27, 2022     Respectfully submitted,

15       ELIZABETH A. SPERLING
     DERIN B. DICKERSON (*Pro Hac Vice*)

16       ANDREW J. LIEBLER (*Pro Hac Vice*)
     **ALSTON & BIRD LLP**

17

18       By:  */s/ Elizabeth A. Sperling*
         Elizabeth A. Sperling

19           *Attorneys for Grand Canyon Education, Inc., Brian*
         *Mueller, Dan Bachus, and Stan Meyer*

20  Dated:  May 27, 2022     AMY L. PIERCE (*Pro Hac Vice*)

21       **LEWIS BRISBOIS BISGAARD & SMITH LLP**

22       By:  /s/ Amy L. Pierce
         Amy L. Pierce

23           *Attorneys for Defendant Grand Canyon University, Inc.*

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of May 2022, I caused a copy of

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)** to be served upon counsel in the manner described below:

Via the Court's CM/ECF system.

Annick Persinger
Tycko & Zavareei LLP
1970 Broadway, Suite 1070
Oakland, CA 94612
apersinger@tzlegal.com

Hasaan A. Zavareei
Kristen G. Simplicio
1828 L Street, Northwest, Suite 1000
Washington, D.C. 20036
hzavareei@tzlegal.com
ksimplicio@tzlegal.com

*Attorneys for Plaintiff*


By:   */s/ Elizabeth A. Sperling*
Elizabeth A. Sperling
*Attorneys for Defendants Grand Canyon Education, Inc., Brian Mueller, Dan Bachus, and Stan Meyer*