Robert B. Carey (011186)
Leonard W. Aragon (020977)
E. Tory Beardsley (031926)
HAGENS BERMAN SOBOL SHAPIRO LLP
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
rob@hbsslaw.com
leonard@hbsslaw.com
toryb@hbsslaw.com

[Additional Counsel Listed on Signature Page]

*Attorneys for Plaintiff Katie Ogdon and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Katie Ogdon, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon University, Inc., et al.,<br><br>Defendants. | Case No.: 2:22-cv-00477-DLR<br><br>**JOINT STATEMENT**<br><br>(Assigned to the Honorable Douglas L. Rayes) |

The Parties write to provide information in advance of the upcoming status conference.

## BACKGROUND

On April 14, 2022, this Court issued an order setting a Rule 16 scheduling conference for June 16 and commanding the Parties to "serve initial document discovery requests at least 14 days before the Scheduling Conference." Dkts. 51, 54. In accordance with that order, the Parties served discovery. On June 16, the Court and Parties held a telephonic conference; the Court vacated the formal scheduling conference until the Rule 12 motions were resolved; and a discussion was held over the discovery that had been served. Dkt. 69. On July 14, the Court held a hearing on the motions, during which the Parties presented oral argument and the Court shared comments based on its review of the briefing and Complaint. Dkt. 73.

Defendants served written responses and objections to discovery on July 22, 2022. The Parties met and conferred, and in December, Defendants produced 31 documents. Plaintiff initiated additional conferrals. In March, Defendants explained that they had complied with the Court's directions regarding discovery at this stage. At the root of the Parties' disagreement is different interpretations of the Court's instructions regarding the extent to which the Parties should engage in discovery prior to the Court's rulings on the pending motions.

## PLAINTIFF'S POSITION

This case is three years old. Defendants have produced 31 documents, almost all publicly available. Plaintiff asks the Court to compel Defendants to provide discoverable, easy-to-access records that can be identified, collected, and produced without implementing ESI protocols. Defendants have not substantiated any undue burden and their arguments regarding the requests ignore that Plaintiff agreed to streamline and modify the requests.

Plaintiff served timely discovery requests on the University Defendants. *See* Exhibit A. Because there is a pending motion to dismiss, the Court instructed the Parties to complete pending discovery as to basic information that's "not going to require a lot of time and expense to produce." Exhibit B, June 16, 2022 Transcript at 6:15-16, 7:22-8:4.

Given this mandate, Plaintiff substantively modified her requests to seek only documents that (1) can be easily located, reviewed, and produced by Defendants, and (2) are plainly relevant to Plaintiff's core allegations such as communications with the Department of Education, tuition and fee schedules throughout the class period, organization charts for GCU and GCE, and training and policy documents relating to recruiting staff.

Defendants produced just 31 documents: course catalogues, student handbooks, annual reports, 10-Ks, Plaintiff's enrollment application, two internal policy documents, and one undated organizational chart from one Defendant. Plaintiff endeavored to discuss specific objections, such as burden and relevance, offered compromises, and agreed to table more than half of Plaintiff's requests for production for the time being in further deference to the Court's

instruction. Exhibit C, Discovery Chart.[1] But Defendants terminated discussions, stating that nothing else is required until the pleadings are resolved.[2]

Defendants claim that their motion to strike should be resolved before they can produce additional documents. But the discovery Plaintiff seeks is relevant regardless of what, if anything, is stricken. For example, the relevance of organizational charts or documents showing the fees Plaintiff paid will not turn on the motion to strike. Similarly, policy documents regarding recruiting are plainly relevant and will allow Plaintiff to streamline the allegations regarding Defendants' training, oversight, and compensation for recruiters. Defendants also contend Plaintiff's counsel represented that they only sought documents on policies and procedures; this ignores the broader context of the discussion and the fact that Defendants have not even produced those documents.

Plaintiff has substantially narrowed her requests to comply with the Court's instruction to seek documents that will help the remainder of this case move more efficiently: documents that will inform on relevant custodians and search terms, aid in damages analyses, and focus class discovery. Meanwhile, Defendants have not substantiated any undue burden associated with Plaintiff's requests, as they must. *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Ass'n*, 316 F.R.D. 327, 334 (D. Nev. 2016). And they have not identified any efforts to locate the requested documents or otherwise assess the burden associated with locating such documents. Given the passage of time since filing, such discovery now may save time later. Plaintiff appreciates this Court's guidance on this issue.

## DEFENDANTS' POSITION

In seeking to compel additional discovery at this stage, Plaintiff ignores the Court's instruction to avoid costly and extensive discovery before the Court rules on Defendants' pending motions. During the June 16, 2022 status conference, the Court initially indicated that all discovery should be stayed pending resolution of the motions. Ex. B at 4:21-25 ("I think it makes more sense to resolve the motion to dismiss before sending the parties out on the road to discovery."). The Court subsequently permitted limited discovery based on Plaintiff's representation that she is seeking only "some policy and procedure documents," approving the exchange of what it called "basic information that's not going to require a lot of time and expense to produce." *Id.* at 7:18-8:4. The Court clarified that the Parties should not spend "a lot of time and expense in discovery" until after resolution of the motions. *See Id.* at 7:23-24. Plaintiff now attempts to ignore the Court's directive by seeking to engage in extensive discovery before the Court rules on the pending motions.[3] Indeed, Plaintiff's Exhibit C confirms that she is not seeking basic information that's "not going to require a lot of time

---

[1] The discovery chart attached as Exhibit C was created by Plaintiff's counsel and shared with counsel for Defendants to facilitate conferral.

[2] Defendants have not even produced all documents they agreed to produce in their July 22 written responses or otherwise identified as relevant in their initial disclosures.

[3] Defendants do not believe any discovery dispute is ripe for consideration. Defendants informed Plaintiff's counsel that "[u]pon the resolution of the pending motions, Defendants are happy to meet and confer to discuss the proper scope of discovery.

2

and expense to produce." Even the conferral process associated with the information in the chart would be time consuming and burdensome.[4]

The Court's observations during the July 14, 2022 hearing illustrate why extensive discovery at this point would be ill-advised. The Court stated that Plaintiff's Complaint is not "pled within the rules as set forth in 8(a), 9(b), and 10(b)." Exhibit D, July 14, 2022 Transcript at 17:11-19. The Court elaborated: "[I]t looks like a lot of these paragraphs are arguments rather than facts, and they go into the weeds of matters that might be exponential or only tangentially related to the claims you're making." *Id.* at 15:9-14; *see also id.* at 15:22-24 ("Portions of the complaint read more like a treatise on the for-profit college industry than a short and plain statement entitling you to relief."); *Id.* at 15:25-16:3 ("It seems like it would be easier to figure out whether you pled sufficient facts to support your claim if your complaint was sheared of all the excess and focused just on those facts material to each element of the claims alleged."). Given the probability that the issues to be litigated, if any, will differ from what is presented in the Complaint, it would be a waste of party and judicial resources to engage in extensive discovery at this juncture. Indeed, it is not possible for Defendants to assess the scope of appropriate discovery given the wide-ranging and unfocused nature of Plaintiff's 78-page Complaint, which includes as the Court noted "arguments rather than facts" that are at best "only tangentially related to the claims [Plaintiff is] making." *Id.* at 15:9-14.

Before the hearing, Plaintiff served broad discovery requests, including facially irrelevant requests for documents relating to all instructors of online graduate courses, every online graduate or certificate program, and time periods outside of Plaintiff's enrollment. Consistent with the Court's instructions, Defendants produced basic, readily accessible documentation, including the relevant organizational chart, Plaintiff's enrollment application, and relevant policy and procedure documents.[5] Defendants should not be burdened to identify, collect, process, and produce additional documents before the Court decides whether Plaintiff's claims are legally viable, and if so, which allegations in the voluminous and overbroad Complaint are relevant. Plaintiff is seeking discovery *before* filing a viable Complaint and without having informed Defendants—consistent with Rules 8(a), 9(b), and 10(b)—as to what claims she asserts, which Defendants face those claims, or what allegations support them. Defendants, not Plaintiff, will bear the brunt of the discovery burden, and Plaintiff's proposed piecemeal approach to discovery is inconsistent with Rule 26(b)(1). At this juncture in the litigation, "the burden [and] expense of the proposed discovery outweighs its likely benefit" and is not "proportional to the needs of the case" given its procedural posture. <u>Id</u>.

Accordingly, Defendants respectfully request that the Court decline to compel the production of any further discovery until it has adjudicated the pending motions.

---

[4] The discovery Plaintiff insists Defendants produce is not "easy" to produce. As Defendants previously explained, it requires extensive effort to collect, review, and process the information for production. It is a time-consuming effort that may prove to be unnecessary.

[5] Defendants deny Plaintiff's suggestion that they have not produced the documents they agreed to produce. Defendants have produced the basic "policy and procedure documents" Plaintiff told the Court she was seeking. Moreover, Defendants' Initial Disclosures are not a concession as to what may be relevant to properly alleged claims or that it would be easy for them to produce the information prior to the Court ruling on the pending motions.

RESPECTFULLY SUBMITTED this 25th day of April 2023.

| **HAGENS BERMAN SOBOL SHAPIRO LLP** | **ALSTON & BIRD LLP** |
|---|---|
| By s/ E. Tory Beardsley<br>Robert B. Carey (011186)<br>Leonard W. Aragon (020977)<br>E. Tory Beardsley (031926)<br>11 West Jefferson Street, Suite 1000<br>Phoenix, Arizona 85003<br>Telephone: (602) 840-5900<br>rob@hbsslaw.com<br>leonard@hbsslaw.com<br>toryb@hbsslaw.com<br><br>Kristen G. Simplicio (*Pro Hac Vice*)<br>Hassan A. Zavareei (*Pro Hac Vice*)<br>Lauren Kuhlik (*Pro Hac Vice*)<br>TYCKO & ZAVAREEI LLP<br>2000 Pennsylvania Avenue NW, Suite 1010<br>Washington, District of Columbia 20006<br>Telephone: (202) 973-0900<br>hzavareei@tzlegal.com<br>ksimplicio@tzlegal.com<br>lkuhlik@tzlegal.com<br><br>Annick Persinger (*Pro Hac Vice*)<br>TYCKO & ZAVAREEI LLP<br>1970 Broadway, Suite 1070<br>Oakland, California 94612<br>Telephone: (510) 254-6808<br>apersinger@tzlegal.com<br><br>*Attorneys for Plaintiff Katie Ogdon and the Proposed Class* | By s/ Derin B. Dickerson *with permission*<br>Derin B. Dickerson (*Pro Hac Vice*)<br>Andrew J. Liebler (*Pro Hac Vice*)<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street NW<br>Atlanta, Georgia 30309<br>Telephone: (404) 881-7000<br>derin.dickerson@alston.com<br>andrew.liebler@alston.com<br><br>*Attorneys for Grand Canyon Education, Inc., Brian Mueller, Dan Bachus, and Stan Meyer*<br><br>Kathryn A. Honecker (020849)<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>2929 North Central Avenue, Suite 1700<br>Phoenix, Arizona 85012<br>Telephone: (602) 385-7864<br>kathryn.honecker@lewisbrisbois.com<br><br>Amy L. Pierce (*Pro Hac Vice*)<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>2020 West El Camino Ave., Suite 700<br>Sacramento, California 95833<br>Telephone: (916) 646-8210<br>amy.pierce@lewisbrisbois.com<br><br>*Attorneys for Grand Canyon University, Inc.* |