**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katie Ogdon,<br><br>    Plaintiff,<br><br>v.<br><br>Grand Canyon University Incorporated, et al.,<br><br>    Defendants. | No. CV-22-00477-PHX-DLR<br><br>**ORDER** |

At issue is Defendants' motion to strike over 100 paragraphs (or portions thereof) from Plaintiff's first amended complaint ("FAC"). (Doc. 60.) The motion will be granted in part and denied in part.

On its own or upon timely motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A matter is immaterial or impertinent when it is not relevant to the resolution of the issue at hand," and "[a] pleading or portion thereof qualifies as 'scandalous' for the purposes of Rule 12(f) when it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Judicial Watch, Inc. v. U.S. Dept. of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (quotations and citations omitted).

The purpose of a motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). But

"[m]otions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015) (internal quotation and citation omitted).

> Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied.... In suits involving multiple and complex issues, greater latitude in pleading may be allowed, since impertinence may not be so clear.

*Wailua Associates v. Aetna Cas. and Sur. Co.*, 183 F.R.D. 550, 553-54 (D. Haw. 1998). Ultimately, whether to strike material that falls within the scope of Rule 12(f) is discretionary. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).

The Court has examined each of the 100-plus paragraphs Defendants have identified and finds that most are not redundant, immaterial, impertinent, or scandalous. To be sure, Plaintiffs' 79-page, 282-paragraph complaint tests the limits of what qualifies as a "short and plain statement." Fed. R. Civ. P. 8(a)(2). But nearly all of the paragraphs bear some possible relation to the claims at issue and, though at times written with a sharp tongue, are not so inflammatory as to constitute unnecessary character assassination, particularly within the context of the alleged course of fraudulent conduct. What's more, given the complexity of this case, the Court is reluctant to strike large swaths of the FAC when the pertinence of those allegations, though not always readily apparent, might become clearer with time.

With that said, the Court agrees with Defendants that paragraphs 46-50, and 52-53 of the FAC should be stricken. These paragraphs don't concern conduct by the named Defendants. Instead, they criticize the for-profit college industry, in general, or relate to alleged misconduct by other for-profit colleges. Defendants can fairly be expected to answer for and defend their own conduct, but they cannot reasonably be expected to answer or defend against these types of allegations. For these reasons,

**IT IS ORDERED** that Defendants' motion to strike (Doc. 60) is **GRANTED IN PART** and **DENIED IN PART**. The Court strikes paragraphs 46-50, and 52-53 from the FAC, but declines to strike the remainder.

Dated this 8th day of August, 2023.

Douglas L. Rayes
United States District Judge