**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katie Ogdon, et al., | No. CV-22-00477-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Grand Canyon University Incorporated, et al., | |
| Defendants. | |

Before the Court is a motion to dismiss Plaintiffs Katie Ogdon and Gurjit Singh's second amended complaint ("SAC") filed on behalf of Defendants Grand Canyon University Incorporated, Grand Canyon Education Incorporated, Brian Mueller, Dan Bachus, and Stan Meyer. (Doc. 139.) The motion is fully briefed. (Docs. 144, 158.) The Court heard oral argument on February 17, 2026. (Doc. 167.) For the following reasons, Defendants' motion is granted in part and denied in part.

**I.  Background**

In her first amended complaint ("FAC"), Ogdon accused Defendants of engaging in a racketeering scheme to defraud students by advertising programs in professions traditionally subject to state regulation as being suitable for employment even though those programs do not meet the licensure standards in the states where students would seek employment. (Doc. 18.) The Court granted in part Defendants' motion to dismiss Ogdon's FAC. (Doc. 92.) Ogdon then moved for reconsideration (Doc. 99), which the Court granted

(Doc. 118). Ogdon later filed her SAC (Doc. 136) after the Court granted her unopposed motion to amend the complaint (Docs. 134, 135). The SAC brings seven counts alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, et seq., Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., New York General Business Law ("NY GBL") §§ 349 and 350, and a claim for Unjust Enrichment. (Doc. 136 at 69–87.) The SAC also adds Singh as another class representative. (*Id.* at 4.) Defendants now move to dismiss.

## II.   Legal Standard

### A.   Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case for lack of subject-matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *overruled on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *see also Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011). "Motions to dismiss under this Rule 'may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact.'" *Sabra v. Maricopa Cnty. Comty. Coll. Dist.*, 479 F. Supp. 3d 808, 813 (D. Ariz. 2020) (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006)). In resolving a facial attack, the court must accept the allegations in the complaint as true and construe them in a light most favorable to the plaintiff. *Renteria*, 452 F. Supp. 2d at 919. In resolving a factual attack, on the other hand, the court does not attach presumptive truthfulness to the allegations in the pleading, and the court may review any evidence outside the pleadings, including affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

### B.   Rule 12(b)(6)

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual

allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court's task merely is to determine whether those well-pled factual allegations plausibly state a claim to relief under governing law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. Analysis

#### A. Standing

Defendants argue that Ogdon lacks standing to bring her claims because she assigned all potential claims to the Department of Education ("DOE"). (Doc. 139-1 at 10.) This is a factual attack on the Court's subject-matter jurisdiction and thus the Court may consider evidence outside the pleadings. On May 2, 2020, Ogdon filed a Borrower Defense Application with the Office of Federal Student Aid at the DOE. (*Id.* at 2.) In submitting her application, Ogdon certified the following:

> I understand that if my application is approved and some or all of my loans are forgiven, I am assigning to the U.S. Department of Education any legal claim I have against the school for those forgiven loans. By assigning my claims, I am transferring my interest in any claim that I could make against the school relating to the forgiven loans (including the ability to file a lawsuit over those forgiven loans and any money ultimately recovered in compensation for those forgiven loans in court or other legal proceedings) to the U.S. Department of Education. I am not assigning any claims I may have against the school for any other form of relief—including injunctive relief or damages related to private loans, tuition paid out-of-pocket, loans not forgiven by the Department, or other financial losses.

(Doc. 139-5 at 8.) Ogdon's application was approved. (Doc. 139-4 at 166.) Consequently, Defendants contend Ogdon has assigned her claims at issue in this case to the DOE.

Ogdon responds that her 2023 loan forgiveness does not affect her standing because this suit was filed in 2020 and standing is determined at the time of filing a complaint. (Doc. 144 at 13.)

1    "The existence of standing turns on the facts as they existed at the time the plaintiff filed the complaint." *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir. 2007). But "a live controversy must exist at all stages of the litigation, not simply at the time plaintiff filed the complaint." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1253 (9th Cir. 2007). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). Mootness is "the doctrine of standing set in a time frame." *Id.* (quotation omitted). The Court therefore must determine whether Ogdon continues to have the requisite personal interest to assert each of her claims for relief. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) ("A plaintiff must demonstrate constitutional standing separately for each form of relief requested.").

### 1.     Monetary Relief

Defendants argue Ogdon lacks standing to pursue a claim for money damages because of her assignment to the DOE. (Doc. 139-1 at 11.) Defendants also point to 34 C.F.R. § 685.222(k), a regulation that largely mirrors the certification in Ogdon's application. (*Id.* at 13.) Defendants argue the SAC alleges money damages related to Ogdon's student loans but no other damages. (*Id.* at 13–14.) Accordingly, Defendants request the Court dismiss Ogdon's RICO and CLRA claims. (*Id.* at 14.) Defendants also argue Ogdon lacks standing to pursue restitution because such relief is tied to her fully forgiven loans. (Doc. 139-1 at 17.) Defendants request the Court dismiss Ogdon's UCL, FAL and Unjust Enrichment claims. (*Id.*)

Ogdon responds that she has standing to bring claims for monetary relief, whether restitution or monetary damages, under RICO, CLRA, UCL, FAL, and Unjust Enrichment for her out-of-pocket costs which are specifically exempted from the assignment to the DOE and are unrelated to the forgiven loans. (Doc. 144 at 14.) Ogdon points to various portions of the SAC that allege losses relating to out-of-pocket costs. (*Id.* at 15.)

The Court agrees with Ogdon. The certification explicitly states: "I am not assigning

any claims I may have against the school for any other form of relief—including . . . damages related to private loans, tuition paid out-of-pocket, loans not forgiven by the Department, or other financial losses." (Doc. 139-5 at 8.) Ogdon is not merely attempting to obtain money damages or restitution for the forgiven loans but rather for all losses, which is exempted from the assignment to the DOE as either "tuition paid out-of-pocket" or "other financial losses." Ogdon cannot seek money damages or restitution related to the forgiven loans, but she may for any other losses or expenses incurred.

### 2. Injunctive Relief

Defendants argue Ogdon lacks standing to pursue injunctive relief because such relief relates to her forgiven loans. (Doc. 139-1 at 14.) Ogdon responds that the plain language of the certification exempts claims for injunctive relief from the assignment. (Doc. 144 at 18.) Ogdon requests injunctive relief relating to her FAL and UCL claims enjoining future "untrue or misleading representations and omissions" and "unlawful, unfair, and fraudulent business acts and practices" by Defendants. (Doc. 136 ¶¶ 281, 288.) The certification explicitly states, "I am not assigning any claims I may have against the school for any other form of relief—including injunctive relief related to private loans, tuition paid out-of-pocket, unforgiven loans, or other losses." (Doc. 139-5 at 8.) Like for her claims for monetary relief, Ogdon is not barred by her assignment to the DOE from bringing a claim for injunctive relief that is unrelated to her forgiven loans because she has alleged other damage.

Alternatively, Defendants argue Ogdon and Singh lack standing to seek injunctive relief because they failed to plead any imminent future harm. (Doc. 139-1 at 15.) Plaintiffs do not contest that they must plead imminent future harm but respond that they have done so. (Doc. 144 at 18.) Plaintiffs point to several places in the SAC to support their contention that they have sufficiently alleged imminent future harm, but none are convincing. The SAC does not allege that Plaintiffs will be harmed by Defendants again, let alone allege that harm is certainly impending. "Though 'a previously deceived plaintiff' suing under the UCL, FAL, and CLRA 'may have standing to seek injunctive relief,' the plaintiff must

still show 'that she faces an imminent or actual threat of future harm caused by [the defendant's] allegedly false advertising.'" *Lanovaz v. Twinings N. Am., Inc.*, 726 F. App'x 590, 590 (9th Cir. 2018) (quoting *Davidson*, 889 F.3d at 970). Similarly, "[i]n a deceptive business practices action under [Section 349], the Second Circuit has determined that absent an intent to purchase the offending product in the future, a plaintiff lacks standing to seek injunctive relief." *Campbell v. Whole Foods Mkt. Grp., Inc.*, 516 F. Supp. 3d 370, 394–95 (S.D.N.Y. 2021) (quotations omitted). Accordingly, Plaintiffs have not sufficiently alleged facts to confer standing to claim injunctive relief.

    **B.**    **Failure to State a Claim**

        **1.**    **NY GBL §§ 349, 350**

Defendants argue that Singh fails to state a claim based on affirmative representations because no reasonable consumer would have been misled concerning licensure standards. (Doc. 139-1 at 18.) Defendants also argue Singh fails to state a claim based on omissions because Singh did not plead that Defendants alone possessed knowledge regarding licensure standards or that Singh could not have reasonably obtained that information himself. (*Id.*) Defendants request the Court dismiss Singh's claims arising from NY GBL §§ 349 and 350. (*Id.*) These arguments rest on an assertion that an Academic Catalog "expressly disclosed that [Singh's] program 'does not lead to licensure.'" (*Id.*) The Court denies Defendants' motion to dismiss Singh's NY GBL claims because the alleged Academic Catalog is outside the pleadings. Further, the Academic Catalog cannot fairly be incorporated by reference because the singular reference in the SAC to the Academic Catalog pertains to Ogdon, not Singh. (*See* Doc. 136 ¶ 182.) A document may be incorporated by reference only when the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim" and "the mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quotation omitted).

        **2.**    **RICO**

Defendants argue the Court should dismiss Plaintiffs' RICO claim to the extent it is

based on any omissions by Defendants because Plaintiffs fail to plead a basis for a duty to disclose. (Doc. 139-1 at 21.) Plaintiffs respond that they are only alleging a RICO claim based on Defendants' affirmative misrepresentations, not on any omissions. (Doc. 144 at 22.) The Court accepts Plaintiffs' assertion that the RICO claim is not based on an omission theory.

Additionally, Defendants argue Singh fails to plausibly allege that Defendants proximately caused his alleged harm. (Doc. 139-1 at 21.) At bottom, this is an argument that Singh's reliance on the school counselors' representations was not reasonable because complete and accurate information was accessible elsewhere. The Court previously rejected Defendants' reliance arguments, explaining that "reasonable reliance generally is a fact question inappropriate for resolution at the motion to dismiss stage." (Doc. 92 at 7.) The Court saw no reason to rule otherwise when Defendant reframed these arguments in terms of RICO causation for Ogdon's RICO claim (Doc. 118 at 6) and sees no reason now to treat Singh's RICO claim any differently. The SAC plausibly alleges that Singh's injuries were proximately caused by Defendants' fraudulent scheme.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 139) is **GRANTED in part and DENIED in part** as explained herein.

Dated this 3rd day of March, 2026.

Douglas L. Rayes
Senior United States District Judge